# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. 10-81026 |
| TIBURON POINTE APARTMENTS, L.L.C., | Chapter 11 |
| Debtor. | LIMITED OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY |

Wells Fargo Bank, N.A., as trustee ("Lender") for CMBS Pool CSFB 2003-C5 acting through Torchlight Loan Services, LLC (as successor by name change to ING Clarion Capital Loan Services, LLC), as special servicer, files this limited objection to the State of Nebraska's Motion for Relief from Automatic Stay (the "State's Motion") (Docket No. 134).

## BACKGROUND

**A.    The Lender's Secured Claims.**

1.    On or about June 9, 2003, Lender's predecessor in interest loaned $2,950,000 (the "Loan") to Tiburon Pointe Apartments, L.L.C. (the "Debtor"). The Loan, and the Debtor's obligation to repay the Loan, is evidenced by, inter alia, a Promissory Note in the original principal amount of $2,950,000.00, dated June 9, 2003, made and delivered by the Debtor.

2.    To secure the Debtor's obligations to repay the Loan, the Debtor executed and delivered (i) a Deed of Trust and Security Agreement (the "Deed of Trust and Security Agreement") executed on May 6, 2003, dated as of as of June 9, 2003; and (ii) an Assignment of Leases and Rents (the "Assignment of Leases and Rents") dated as of May 6, 2003, to be effective as of June 9, 2003. The Deed of Trust and Security Agreement was recorded on June 9, 2003, as Instrument Number 2003-31436, of the Records of the Register of Deeds of Sarpy County, Nebraska. The Assignment of Leases and Rents was recorded on June 9, 2003, as

4839-0405-3255.2

Instrument Number 2003-31437, of the Records of the Register of Deeds of Sarpy County, Nebraska.

3. Lender is the holder of the Note and the assignee of the Deed of Trust and Security Agreement and the Assignment of Leases and Rents (together with all ancillary loan documents and instruments, the "Loan Documents").

4. Pursuant to the Loan Documents, Lender holds a valid and perfected mortgage lien and security interest in, inter alia, an apartment complex (and the leases and rents related to and arising therefrom) located at 16895 Oakmont Drive, Omaha, Nebraska and commonly known as the "Tiburon Pointe Apartments." Through the Assignment of Leases and Rents, the Debtor irrevocably and absolutely assigned, transferred and conveyed to Lender, inter alia, all of the leases, rents, profits and revenues related to and arising from the Tiburon Pointe Apartments.

5. The Debtor failed to make the required payments under the Loan Documents and breached several other payment obligations set forth in the Loan Documents. In August 2009 and September 2009, the Lender notified the Debtor of its defaults under the Loan Documents.

6. As a result of the Debtor's continuing defaults, the Lender incurred substantial time and expense in causing non-judicial sales of the Lender's collateral to be scheduled, noticed and advertised. The Trustee's sale, scheduled in accordance with Nebraska law, was to be first published on April 13, 2010 and the sale was scheduled for May 26, 2010 (the "Foreclosure Sale") on the Tiburon Pointe Apartments. Five days prior to the date scheduled for first publication, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

7. On July 14, 2010, Lender filed its Proof of Claim in this proceeding asserting a claim in the amount of $3,106,589.04, plus interest, fees and costs as provided in the Loan

Documents and as permitted by 11 U.S.C. § 506(b). No objections have been filed to Lender's Proof of Claim.

B.  **State's Acquisition of Lender's Real Property Collateral.**

8.  On August 26, 2009, the Debtor and the State allegedly entered into contract whereby, among other things, the Debtor agreed to sell and convey to the State a portion of Lender's Real Property Collateral, as described in the State's Motion, in consideration of payment by the State of the amount of $19,053.00 (the "Proceeds"). Lender maintains a properly perfected security interest and lien on the Proceeds. The liens of the Lender are valid and properly perfected, and not otherwise subject to dispute.

9.  The State's Motion seeks relief from the automatic stay for the purpose of completing the conveyance from the Debtor to the State a portion of the Lender's Real Property Collateral.

## LIMITED OBJECTION

10.  The Proceeds would be created by a conveyance of and diminution of the Lender's Collateral. In short, after the proposed conveyance from the Debtor to the State, the Lender's real property collateral will be diminished. Unless the Proceeds are immediately paid to the Lender, the Lender's collateral will have been taken without compensation.

11.  Accordingly, Lender objects to the Sale unless the Order approving the Sale requires that the Proceeds are immediately paid to the Lender. Lender is in the process of negotiating an agreement with the Debtor pursuant to which Proceeds will be immediately paid to Lender for application to the indebtedness owing to Lender in a manner to be determined by agreement of the Lender and the Debtor or further Order of the Court.

12. Lender takes no position regarding the need for an Order pursuant to 11 U.S.C. § 363 authorizing the sale that is the subject of the State's Motion.

WHEREFORE, the Lender requests that the Court enter its Order denying approval of the State's Motion unless such Order requires immediate payment of the Proceeds to Lender for application to the indebtedness owing from the Debtor to Lender.

Dated this 22nd day of October, 2010.

          Wells Fargo Bank, N.A., as trustee for CMBS Pool CSFB 2003-C5 acting through Torchlight Loan Services, LLC (as successor by name change to ING Clarion Capital Loan Services, LLC), as special servicer

          By  /s/ Jeffrey T. Wegner
              Jeffrey T. Wegner #18265
              Kutak Rock LLP
              1650 Farnam Street
              Omaha, NE  68102-2186
              (402) 346-6000

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following registered users:

- Donald P. Dworak    ddworak@stinson.com, ldecker@stinson.com

- Patricia Fahey    ustpregion13.om.ecf@usdoj.gov

- Jerry L. Jensen    Jerry.L.Jensen@usdoj.gov

- J.P. Sam King    samking@mgwl.com

- James E. Lang    jimlang@lpllaw.com

I hereby certify that I have mailed by first-class, United States postal service the document to the following parties:

**Patricia Fahey**
U.S. Trustee's Office
111 So 18th Plz
Suite 1148
Omaha, NE 68102
Email: ustpregion13.om.ecf@usdoj.gov

**Tiburon Pointe Apartments**
16895 Oakmont Drive
Omaha, NE 68136

**Jerry L. Jensen**
US Trustee's Office
111 So 18th Plaza
Suite 1148
Omaha, NE 68102
(402) 221-4300
Email: Jerry.L.Jensen@usdoj.gov

**J.P Sam King**
McGill, Gotsdiner, Workman & Lepp, P.C.
11404 West Dodge Road, Suite 500
Omaha, NE 68154

**Internal Revenue Insolvency**
1616 Capitol Avenue
Omaha, NE 68102

**Nebraska State Dept of Revenue**
P.O. Box 98915
Lincoln, NE 68509-8915

s/ Jeffrey T. Wegner